820 F.2d 1219
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert R. DONLAN, Plaintiff-Appellant,
v.
Beverly A. DONLAN; Harvey B. Steinberg; Howard M. Smith,
Clerk for the County of Montgomery, Maryland; Frank Mains,
Deputy, Sheriff's Department of Montgomery County, Maryland;
Jim Griffis, Corporal, Sheriff's Department of Montgomery
County, MD, Defendant-Appellee.
 No. 86-3721.
 United States Court of Appeals, Fourth Circuit.
 Argued March 5, 1987.
Decided June 5, 1987.
 
 Before WINTER, Chief Judge, WILKINSON, Circuit Judge, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 Charles J. Zauzig, III, for appellant.
 Catherine M. Shultz, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General of Maryland; Ralph S. Tyler, Assistant Attorney General; Paul A. McGuckian, Montgomery County Attorney; Linda D. Berk, Associate County Attorney, on brief), Alvin I. Frederick (Lloyd J. Snow; Eccleston and Seidler, on brief), Paul F. Kemp (Catterton, Kemp & Mason, on brief), for appellees.
 PER CURIAM:
 
 
 1
 For his failure to pay support to his divorced wife as ordered by a state court, plaintiff was jailed for contempt of court. He then filed three separate alleged actions under 42 U.S.C. Sec. 1983 claiming a violation of his constitutional rights and appending state law claims. He asserted a federal claim against the clerk of the state court on the ground that a state law permitting the clerk to issue a body attachment violated his rights under the fourteenth amendment. He sued his wife and his wife's attorney, asserting that his wife and her attorney availed themselves of invalid state procedures to enforce the claim for support and that they proceeded even though they knew he had appealed the order to provide support. He sued two county deputy sheriffs who were his jailors, asserting that they had violated his right to due process in the manner in which they took him into custody and in their subsequent denial of medical attention for his diabetic condition.
 
 
 2
 The district court, after consolidating the cases, gave summary judgment to all defendants on plaintiff's alleged federal causes of action, and thereafter in the exercise of its discretion, it dismissed plaintiff's pendent state claims. Plaintiff appeals, and we affirm.
 
 I.
 
 3
 For the reasons set forth by the district court in its memorandum opinion, Donlan v. Smith, Cir. Nos. H-84-3204, H-84-3205 and H-84-3651, D.Md., September 17, 1986 (unpublished), we agree that the clerk of the state court and plaintiff's former wife and her attorney did not violate any of plaintiff's federal rights. The two deputy sheriffs also did not violate any of plaintiff's federal rights in taking him into custody. While we think that the record might permit the finding that they failed promptly to heed his request for food in order to avoid insulin shock, the district court found that the deprivation lasted at most for only several hours and that insulin shock or serious illness did not occur. We do not think these findings are clearly erroneous. Thus we are persuaded that plaintiff suffered no injury from what was at worst only a technical infraction of his right to due process, and we conclude that we would not be warranted in remanding for further litigation of the claim.
 
 II.
 
 4
 Because it correctly concluded that plaintiff had no meritorious federal cause of action, the district court did not abuse its discretion in dismissing plaintiff's pendent state claims.
 
 
 5
 AFFIRMED.